IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SHAWN MICHAEL BALL,<br><br>        Petitioner,<br>vs.<br><br>STATE OF MONTANA, AUSTIN KNUDSEN,<br><br>        Respondents. | Cause No. CV 26-11-BLG-DWM<br><br><br>ORDER |

      State pro se prisoner Shawn Michael Ball ("Ball") filed a handwritten document entitled "Petition for Writ of Certiorari." (Doc. 1.) The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a).

      While a petition for writ of certiorari is not an appropriate document for review, even if the filing were to be construed as a petition for a writ of habeas corpus relief, a habeas petition or portion thereof must be dismissed if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.

      Following a January 2025 jury trial in Montana's Thirteenth Judicial District Court, Yellowstone County, Ball was convicted of Partner or Family Member

1

Assault and Tampering with Witnesses or Informants. (Doc. 1 at 6.) On April 9, 2025, Ball was sentenced to 1-year in the county jail for the Partner or Family Member Assault and was committed to the Montana Department of Corrections for 10-years, with 5 of those years suspended, for the Tampering conviction. (*Id*. at 6.)

Ball timely appealed. He has an active appeal pending before the Montana Supreme Court in which he is represented by the Montana Appellate Defender Division. A review of the Montana Supreme Court's docket for the matter, *State v. S. Ball*, DA 25-0384, indicates that the Appellant's opening brief is to be filed on or before February 17, 2026. *See*, *State v. S. Ball*, DA 25-0384, Or. (D. Mont. Dec. 11, 2025).[1]

Ball is generally dissatisfied with the delay that has occurred thus far in his appeal and with the Montana Supreme Court's denial of his motion requesting that appellate counsel be removed. According to his "writ" Ball believes various constitutional violations occurred throughout his state court proceedings. *See*, (Doc. 1 at 6-12.)

**Lack of Jurisdiction**

There are several problems with Ball's filing. First, Ball seemingly seeks determination from the federal court that the State of Montana and/or the Montana Supreme Court has misapplied state laws and/or state appellate rules of procedure.

---

[1] See: https://supremecourtdocket.mt.gov/ (accessed February 2, 2026).

This Court, however, lacks jurisdiction to act in the matter suggested by Ball. Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and federal statutes. *Rasul v. Bush*, 542 U.S. 466, 489 (2004). As a court of limited jurisdiction, this Court has an obligation to dismiss claims for which there is a lack of subject matter jurisdiction. *Demarest v. United States*, 718 F. 2d 964, 965 (9th Cir. 1983); *see also Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F. 3d 593, 594-95 (9th Cir. 1996). Federal district courts do not have appellate jurisdiction over state courts, whether by direct appeal, mandamus, or otherwise. *See e.g., Rooker v. Fid. Trust Co.*, 263 U.S. 413, 425-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *see also, MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"). Thus, it would be entirely inappropriate for this Court to review either the Montana Supreme Court's refusal to allow Ball to proceed pro se on appeal or intervene in Ball's active state proceedings.

### *Younger* Abstention

But even assuming this Court had jurisdiction to consider a challenge to Ball's state proceedings, the principles of comity and federalism weigh against federal courts interfering with ongoing state criminal proceedings. *Younger v.*

3

*Harris*, 401 U.S. 37 (1971). Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. *Younger*, 401 U.S. at 45-46. Irreparable injury does not exist in such situations if the threat to a petitioner's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" *Id*. at 46 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243-(1926)). "The *Younger* doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." *Miofsky v. Superior Court*, 703 F.2d 332, 336 (9th Cir. 1983).

*Younger* abstention is appropriate when the following factors are satisfied: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citation and internal quotations omitted). A petitioner may avoid application of the *Younger* abstention doctrine by demonstrating that there is bad faith, harassment, or some other extraordinary circumstance where irreparable injury can be shown. *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971). In practical terms, the *Younger* doctrine means

that " 'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.' " *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980) (*quoting Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir. 1972)).

The Court finds all *Younger* requirements are satisfied in the present matter and declines to intervene. First, Ball's direct appeal in the Montana Supreme Court is "ongoing;" his opening brief has not yet been filed. *See, Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F. 3d 791, 801 (9th Cir. 2001)(under the first prong of the *Younger* test, state proceedings are deemed ongoing if the state court suit was pending at the time of the federal suit's filing). Second, Ball's proceedings implicate Montana's important interest in the order and integrity of its criminal proceedings. *See, Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Third, as explained herein, Ball's appellate proceedings are in the infancy stage. Finally, granting relief in the instant matter would have the practical effect of enjoining ongoing state proceedings. Ball has not shown that irreparable injury will occur without this Court's intervention or demonstrated any other extraordinary circumstance. Because there is no

compelling reason for this Court to intervene, it will abstain. Thus, *Younger* provides an additional basis for dismissal.

**Exhaustion**

Finally, to the extent that Ball does present cognizable federal claims, he has not exhausted his state remedies. A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

Ball must present his claims to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because Ball has not yet exhausted his available state court remedies, this Court cannot review his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982).

6

For all of the reasons set forth herein, the petition will be dismissed without prejudice. Ball may return to this Court once all of the procedural requirements have been met.

### Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253( c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons set forth herein, Ball has not made a substantial showing of the denial of a constitutional right. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability is denied.

Based on the foregoing, the Court enters the following:

### ORDER

1. Ball's Petition (Doc. 1) is DISMISSED without prejudice.

2. Ball's motion to proceed in forma pauperis, (Doc. 2), is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 3rd day of February, 2026.

_____
Donald W. Molloy, District Judge
United States District Court